UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

INOVALON PROVIDER, INC., f/k/a ABILITY
NETWORK INC.,

                                         Petitioner,            Civil Action No.: 1:25-cv-02671

         -against-

LABQ CLINICAL DIAGNOSTICS, LLC,

                                    Respondent.

--------------------------------------------------------X

**RESPONDENT LABQ CLINCIAL DIAGNOSTICS, LLC.'S MOTION
MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS
PETITIONER'S PETITION TO CONFIRM AN ARBITRATION AWARD**


**RESPONDENT'S MOTION TO DISMISS**




                    Respectfully submitted,
                    QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
                    /s/ Anthony C. Varbero
                    Anthony C. Varbero, Esq.
                    233 Broadway, Suite 2120
                    New York, New York 10279
                    (212) 226-4026
                    Anthony.Varbero@qpwblaw.com
                    *Attorneys for Respondent LabQ Clinical Diagnostics, LLC.*

## Table of Contents

**PRELIMINARY STATEMENT** ................................................................................................. **4**

**BACKGROUND** ................................................................................................................... **6**

    **Agreement and Arbitration Clause** ................................................................................. 6

    **Award** ..................................................................................................................................... 7

**ARGUMENT** ...................................................................................................................... **7**

    **The Court Does Not have Subject Matter Jurisdiction under FRCP Rule 12(b)(1)** ........ 7

    **Forum Selection Clause –Rule 12(b)(3)** .......................................................................... 10

    **Documents Other than the Complaint may be Considered** ........................................ 14

    **CONCLUSION** ............................................................................................................ **15**

## <u>Table of Authorities</u>

§ 1404(a)...................................................................................................................**14**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868

(2009)...........................9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)........9,

10

*Blue Tree Hotels Inv. (Can.), Ltd., v. Starwood Hotels & Resorts Worldwide, Inc.,* 369 F.3d 212,

217 (2d Cir. 2004)...................................................................................................16

*Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).........................................13, 14

*Brennan v. Phyto-Riker Pharmaceuticals, Ltd.*, No. 1 Civ. 11815, 2002 WL 1349742, at *1 n. 2

(S.D.N.Y, 2002)......................................................................................................12

*Central National-Gottesman, Inc. v. M. V. "Gertrude Oldendorff"*, 204 F. Supp.2d 675, 677

(S.D.N.Y.2002)....................................................................................................12, 13

*Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817

(1976).......................10,11

*Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998)..........................................11

Fed. R. Civ. P. 8(a)(2) ……………………………………………………………..…….9

Fed. R. Civ. P. 12(b)(1)..............................................................................6, 9, 10, 16,

17

Fed. R. Civ. P. 12(b)(3)..............................................................................6,12, 16

*Fernandez v. City of New York*, 2017 WL 2894144, at *2 (S.D.N.Y. July 7, 2017).....................11

*F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 100 n.2 (2d Cir. 1999)......................................11

*In re Comverse Tech., Inc*., 06- CIV.-1849 (NGG) (RER), 2006 WL 3193709, at *2 (E.D.N.Y. Nov. 2, 2006)............................................................................................................11

*J.B. Harris, Inc. v. Razei Bar Indus, Inc.*, 37 F. Supp.2d 186, 189 (E.D.N. Y. 1998)..............13

*John Boutari & Sons. Wines & Spirits. S.A. v. Attiki Importers & Distrib., Inc.* 22 F.3d 51, 53 (2d Cir. 1994)....................................................................................................13

*J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).........................................10

*Kendall v. Caliber Home Loans, Inc.*, 198 F. Supp.3d 168, 170 (E.D.N.Y. 2016).........................9

*Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co*., 342 U.S. 180, 183 (1952).........................10

*KTV Media Int'l, Inc. v. Galaxy Group, LA LLC*, 812 F.Supp.2d 377, 384-85 (S.D.N.Y.2011)....16

*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)..............................................10, 16

*Moose Toys Pty, Ltd v. Creative Kids Far E. Inc.*, 195 F. Supp. 3d 599, 603 (S.D.N.Y. 2016)........................................................................................................14, 15, 16

*Morrison v. Nat'l Australia Bank Ltd.,* 547 F.3d 167, 170 (2d Cir. 2008*)*..................................10

*New Moon Shipping Co., Ltd. v. MAN B&W Diesel AG*, 121 F.3d 24, 29 (2d Cir. 1997)............13

*Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.,* 673 F.3d 84, 100 (2d Cir. 2012) ("Niagara").........................................................................................11

*Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)........................10

*Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383–84 (2d Cir.2007).........................................14, 16

*Rey-Willis v. Citibank, N.A.,* No. 23 Civ. 2006, 2003, 2003 WL 21714947, at *3 (S.D.N.Y. July 23, 2003)...............................................................................................................................12

*Roby v. Corporation of Lloyd's*, 996 F.2d 1353, 1363 (2d Cir. 1993)...........................................14

*Shields v. Murdoch*, No. 11-CIV.-4917 (PGG), 2012 WL 4097199, at *5 (S.D.N.Y. Sept. 18, 2012) ("Shields") ...............................................................................................................11

*Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)....................................10

*Stewart Org. v. Ricoh*, 487 U.S. 22, 33, 108 S.Ct. 2239, 2245, 101 L. Ed.2d 22 (1988).............14

*Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi,* 215 F.3d 247, 253 (2d Cir. 2000)..............................................................................................................................................10

Respondent LabQ Clinical Diagnostics, LLC ("LabQ") respectfully submits this motion to dismiss the Petition filed by Inovalon Provider, Inc. ("Inovalon" and/or "Petitioner") pursuant to Rules 12(b)(1) and 12(b)(3) of the Federal Rules of Civil Procedure for an Order: (i) dismissing the Petition of Inovalon with prejudice; (ii) awarding LabQ recovery of its costs associated with this action, including, but not limited to, reasonable attorney's fees; and (iii) awarding LabQ such other relief as this Court deems just and proper.

## PRELIMINARY STATEMENT

This action, which seeks to confirm an arbitration award and should be dismissed for lack of subject-matter jurisdiction, lack of personal jurisdiction, and improper venue. Despite Petitioner's assertions, the statutory prerequisites for this Court's jurisdiction are not met; there is no valid basis for diversity jurisdiction, and the Petition fails to demonstrate the existence of a federal question. Moreover, LabQ did not consent to the jurisdiction of this Court, either expressly or implicitly, and Petitioner cannot satisfy its burden of establishing that LabQ is subject to personal jurisdiction in this forum. Finally, the venue in the Southern District of New York is improper because the arbitration award Section V –***"This award shall be deemed made in Hennepin County, Minnesota"*** (**Exhibit A**- Sec. V para. K).  Accordingly, this action should be dismissed in its entirety.

Petitioner filed the arbitration in Minnesota in 2024 and litigated this case in Minnesota (**Exhibit B**—Petitioner's Demand for Arbitration).  In the contract between Petitioner and LabQ, the **CHOICE OF LAW, DISPUTE RESOLUTION, VENUE** states "This Agreement is governed by the laws of the State of Minnesota …." (**Exhibit A**- Arbitrator's Final Award Sect. 1 para. 4).  Additionally, "All arbitration shall take place in Hennepin County, Minnesota" ("Arbitration") (Id.). The exclusive jurisdiction for all Disputes that are not resolved by arbitration shall be in either federal or state court located in Hennepin County (Id.).

At all times during the Arbitration the Petitioner relied on and requested protective measures based on "Minnesota" laws and statutes relating to any pre-judgment attachment (Id.).

Despite an attempt to manufacture jurisdiction and creative lawyering, the crux of the Petitioner's basis for filing in the United States District Court, Southern District of New York is legally deficient. LabQ is therefore entitled to dismissal for the reasons set forth below.

The Petition fails to properly allege any subject matter jurisdiction, personal jurisdiction and diversity jurisdiction. Rather, the Petition clearly laying out jurisdiction and venue, Petitioner attempts to muddle the waters in what appears to have the minimum contacts in the Southern District of New York and incorrectly argues that LabQ consented to arbitration in New York all in one sentence.

Most importantly, the Petitioner's only allegation in Petition as to subject matter jurisdiction is based on diversity against LabQ with its principal place of business being New York, however, leaving out that LabQ's principal place of business is in the Eastern District of New York (**Exhibit B** -M. Henry Aff. Paragraph 3). Petitioner expressly acknowledged that LabQ's principal place of business when it filed the Arbitration listing LabQ's address as 140 58th Street, Building A, Suite 3L, Brooklyn, New York 11220 (**Exhibit B**). Notwithstanding the lack of any nexus to the Southern District of New York, the Petitioner pled otherwise.

Despite Petitioner's desperate attempt to manufacture jurisdiction, by indicating that its principal place of business is in Minnesota, yet a cursory review of the Petitioner's website holds that was a false statement, and the principal place of business is "their corporate headquarters located in Bowie, Maryland[1]". Furthermore, Inovalon is at home in New York with offices throughout the state and provides services to 24 of the top 25 healthcare providers throughout the

---

[1] https://www.inovalon.com/our-company/

country, including in New York. Inovalon, is an industry-leading provider of cloud-based solutions for healthcare, has several office locations in New York State, including, Brooklyn, NY, Buffalo NY and New York, NY.

The law is clear Inovalon has no standing to bring its claim to confirm an arbitration award in the United States District Court, Southern District of New York.  The law is equally clear that a petitioner may not circumvent this lack of personal and subject matter jurisdiction by attempting to recast convenience, such as one for personal and subject matter jurisdiction—as Inovalon has attempted to do here.

Further, even if the Petitioner were permitted to advance the confirmation of an arbitration award, which he cannot, it would need to be in the United States District Court, District of Minnesota or Eastern District of New York.

For these reasons, it is respectfully submitted that the Petitioner's Petition must be dismissed with prejudice.

## BACKGROUND

### Agreement and Arbitration Clause

The Petitioner and Respondent entered into an agreement, where the Petitioner will provide a service of verifying insurance benefits.

The arbitration clause in the agreement clearly states a choice of law, dispute resolution and venue: **CHOICE OF LAW, DISPUTE RESOLUTION, VENUE** states "This Agreement is governed by the laws of the State of Minnesota …." (**Exhibit A** Arbitration Award Sect. 1 para. 4).  Additionally, "**All arbitration shall take place in Hennepin County, Minnesota**" ("Arbitration") (*Id.*). The exclusive jurisdiction for all Disputes that are not resolved by arbitration shall be in either federal or state court located in Hennepin County (*Id.*).

**Award**

The Petition alleges that, following an arbitration, the Respondent is subject because "an action to confirm an award resulting from the arbitration … A party who agrees to arbitrate in a particular jurisdiction consents not only to personal jurisdiction but also to venue of the courts within that jurisdiction. The arbitrator and award of the arbitrator goes to great lengths to reference at ***This award shall be deemed made in Hennepin County, Minnesota"*** (**Exhibit A**-Arbitration Award).  Not once during the arbitration, nor the arbitration award, appears to mention jurisdiction in the United States District Court, Southern District of New York. The Petition does nothing more than reference some case law about jurisdiction that is affiliated with Petitioner's counsel. This does not in any way affect LabQ's entitlement to dismissal.  The single reference of location related to Petitioner's counsel does no more to connect Respondent to the Southern District of New York.

Based on the above allegations, the Petition alleges a flawed subject matter and personal jurisdiction, and both claims of subject and personal jurisdiction are subject to dismissal at the pleading stage.

## ARGUMENT
### The Court Does Not have Subject Matter Jurisdiction under FRCP Rule 12(b)(1)

To survive a motion to dismiss, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Kendall v. Caliber Home Loans, Inc.*, 198 F. Supp.3d 168, 170 (E.D.N.Y. 2016). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Courts, however, "are not bound to accept as true a legal conclusion couched as a factual

allegation." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (*quoting Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

Rule 12(b)(1) requires that an action be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate the case. *See Fed. R. Civ. P. 12(b)(1)*. The party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists. *See Morrison v. Nat'l Australia Bank Ltd.,* 547 F.3d 167, 170 (2d Cir. 2008*)* (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings" *See Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi,* 215 F.3d 247, 253 (2d Cir. 2000). When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true but does not draw inferences from the complaint favorable to the plaintiff. See *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citing *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).

Here, even accepting the allegations of the Petition as true and granting favorable inference to the Petitioner regarding the facts of the case, dismissal is nonetheless warranted.

Federal courts may abstain from exercising jurisdiction over an action for which there is a parallel state court proceeding based on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." See *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) ("Colorado River") (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)).

11

A district court may *sua sponte* challenge subject matter jurisdiction, including through abstention principles. See *F.D.I.C. v. Four Star Holding Co*., 178 F.3d 97, 100 n.2 (2d Cir. 1999) (finding that a district court or appellate court could *sua sponte* address subject matter jurisdiction and applying Colorado River abstention principles). "An analysis of whether a court should abstain under Colorado River begins with a determination of whether the concurrent federal and state proceedings are 'parallel' in nature." See *Fernandez v. City of New York*, 2017 WL 2894144, at *2 (S.D.N.Y. July 7, 2017) (citing *Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998)). Here, Respondent's state court action are "parallel" in nature. Federal and state proceedings are "parallel" for abstention purposes when "substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *See Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.,* 673 F.3d 84, 100 (2d Cir. 2012) ("Niagara").

Irrespective of how Petitioner titles its jurisdictional flaws, crucially, "[p]erfect symmetry of parties and issues is not required. Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *See Shields v. Murdoch*, No. 11-CIV.-4917 (PGG), 2012 WL 4097199, at *5 (S.D.N.Y. Sept. 18, 2012) ("Shields") (quoting *In re Converse Tech., Inc*., 06- CIV.-1849 (NGG) (RER), 2006 WL 3193709, at *2 (E.D.N.Y. Nov. 2, 2006)) (internal quotations marks omitted). Simply put, Petitioner acted outside the controlling agreement and forum where the arbitration was litigated.  The United States Court of Appeals for the Second Circuit and other courts in this District routinely have held that there is no subject matter and personal jurisdiction under the same or similar facts. Further, any attempt by Petitioner to avoid this well-settled precedent by cloaking the Petition as one for jurisdiction in this Court is equally unavailing.

## Forum Selection Clause –Rule 12(b)(3)

Petitioner, upon the advice of its legal counsel clearly agreed and unambiguously that any claims "that may arise out of" the Agreement be dealt with *exclusively* by the Courts in Heppenin County, Minnesota. (**Exhibit D** – Agreement). The Agreement *and* Petitioner's demand for arbitration, incorporated and made a part of the Agreement, both contained *mandatory* forum selection clauses which read, in pertinent parts: This agreement shall be subject to the same laws and ***exclusive jurisdiction***. (Emphasis added).  Here, the parties freely agreed that the laws and courts of Minnesota would apply exclusively to any action that may arise out of the Agreement. (**Exhibit D** – Agreement). Minnesota is unquestionably the best equipped forum to determine issues of contract law.

Accordingly, the Court can properly dismiss on the basis of the mandatory forum selection clause to which the Petitioner agreed.

Furthermore, the parties dispute neither the existence of a valid Agreement.  In fact the Petitioner filed the arbitration with the "Hearing locale: Heppepin County, Minnesota." (See **Exhibit B** - Demand for Arbitration). Petitioner's presented a Petition is merely an effort to *evade* the forum selection clause to which it previously agreed. On March 26, 2025 a final award was issued by the arbitrator in this action disposing of all claims against between the parties.

When considering a motion to dismiss for improper venue pursuant to Rule 12(b)(3), the court must accept the facts alleged in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *See Central National-Gottesman, Inc. v. M. V. "Gertrude Oldendorff"*, 204 F. Supp.2d 675, 677 (S.D.N.Y. 2002); *Rey-Willis v. Citibank, N.A.,* No. 23 Civ. 2006, 2003, 2003 WL 21714947, at *3 (S.D.N.Y. July 23, 2003). *See also* Fed. R. Civ. P. 12(b)(3). In making such a determination, courts may consider materials outside of the pleadings. *See Brennan v. Phyto-Riker Pharmaceuticals, Ltd.*, No. 1 Civ. 11815, 2002 WL 1349742, at *1 n. 2 (S.D.N.Y,

2002). "[T]he ultimate burden of proving that venue is proper is borne by the plaintiff. *Central National-Gottesman, Inc.*, 204 F.Supp.2d at 677. Here, this Court can clearly rule that Plaintiff herein did not meet such burden.

"When a plaintiff brings suit in a forum other than the one designated by a forum selection clause, the plaintiff must make a "strong showing" in order to overcome the presumption of enforceability of the clause." *See New Moon Shipping Co., Ltd. v. MAN B&W Diesel AG*, 121 F.3d 24, 29 (2d Cir. 1997). "Failure to meet this preliminary burden may foreclose suit in the venue of plaintiff's choice." *Id.* at 29. In most instances, when a forum selection clause employs "mandatory venue language ... the clause will be enforced." *John Boutari & Sons. Wines & Spirits. S.A. v. Attiki Importers & Distrib., Inc*. 22 F.3d 51, 53 (2d Cir. 1994) (citations omitted); *see also Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Where a failure to submit to the correct venue there is no question that under the standard set in this district --the mandatory forum selection clause which formed part of the Agreement upon which the Petitioner has sued (**Ex. C**) is binding upon the parties.

It is submitted that there is no question that under this standard, the mandatory forum selection clause which formed part of the Agreement upon which the Petitioner has sued, (Ex. C) is binding upon the parties.

The Supreme Court has held that mandatory forum selection clauses are *presumptively* valid and must be enforced unless they are unreasonable or constitute the product of fraud or overreaching. *The Bremen*, 407 U.S. at 15, *see also*, *J.B. Harris, Inc. v. Razei Bar Indus, Inc.*, 37 F. Supp.2d 186, 189 (E.D.N. Y. 1998) (such clauses are "*prima facie* valid" and enforceable unless shown by the resisting party to be unreasonable") (citing *The Bremen*, 407 U.S. at 10).

Petitioner has not alleged fraud or overreaching and only sued for a breach of contract –
where the one-day hearing was only convenience. The standard required by this Circuit to avoid
a valid forum selection clause, requires that the party seeking to invalidate such a clause must
show that: (1) the clause is the result of fraud or overreaching; (2) the party will be deprived of
its day in court as the result of the "grave inconvenience or unfairness of the selected forum"; (3)
the party may be deprived of a remedy due to the "fundamental unfairness" of the chosen law; or
(4) the clause contravenes a strong public policy of the forum state. *Roby v. Corporation of
Lloyd's*, 996 F.2d 1353, 1363 (2d Cir. 1993) (citations omitted). Here, the Petitioner cannot
shoulder this easy burden on establishing even one of the four prongs, let alone all four.

The United States Supreme Court has squarely addressed this very argument. Justice
Kennedy, concurring with the Court in *Stewart Org. v. Ricoh*, 487 U.S. 22, 33, 108 S.Ct. 2239,
2245, 101 L. Ed.2d 22 (1988), wrote compellingly of the reverence with which forum-selection
clauses must be treated since *The Bremen*: "...enforcement of valid forum clauses, bargained for
by the parties, protects their legitimate expectations and furthers vital interests of the justice
system ... The justifications we noted in *The Bremen* to counter the historical disfavor forum-
selection clauses had received in American courts, should be understood to guide the District
Court's analysis under § 1404(a)." (citations omitted).

Petitioner herein *freely agreed* to be bound by the laws of Minnesota. Petitioner herein
*freely agreed* to bring any action arising out of the Agreement in Heppenin County, Minnesota.
Again, this District Court in *Moose Toys Pty, Ltd v. Creative Kids Far E. Inc.* considered a
nearly identical forum selection clause found within a licensing agreement. *See* 195 F. Supp. 3d
599, 603 (S.D.N.Y. 2016). The court in *Moose Toys* noted that the Second Circuit conducts a
four-part analysis in determining whether to enforce a forum selection clause. *See Id.* (*citing*

15

*Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383–84 (2d Cir.2007)). These factors include: (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) classification of the clause as mandatory or permissive; (3) whether the claims and parties involved in the suit are subject to the forum selection clause; and (4) ascertaining whether the resisting party has rebutted the presumption of enforceability. *See Id.*

Like *Moose Toys*, the two parties in the present case were signatories to the Agreement at issue. The first prong is, therefore, satisfied as there is no issue concerning whether the forum selection clause was communicated to either party. In fact, it was the Petitioner's contract that was signed, so the Petitioner was informed about the forum selection clause. There is likewise no debate as to the third prong, as the forum selection clauses are found in the very contract Petitioner are seeking to enforce. Regarding the fourth prong, Petitioner's Petition purposefully ignored the forum selection clause, and as such it attempted to manufacture jurisdiction, which it cannot offer a rationale or rebuttal for ignoring it. The only real issue concerns prong two and whether the clause at issue is permissive or mandatory. The answer here is found by comparing the language in the Agreement at issue to the language analyzed in *Moose Toys*.

"This Agreement is governed by the laws of the State of Minnesota without regard to its conflict of laws rules and principles." (**Exhibit D Agreement para. 14**). All arbitration shall take place in Hennepin County, Minnesota." (*Id.*).  All arbitration shall take place in Hennipen, County, Minnesota. (*Id.*).  The disputes arising out of or in connection with the present Agreement shall be governed by and construed in accordance with the laws of Hennipen County, Minnesota and ***the exclusive jurisdiction of the Courts of Hennipen County.***" *See* (*Id.*). [***E]ach party submits to the exclusive jurisdiction of the courts of that State.***" *Moose Toys Pty, Ltd v. Creative Kids Far E. Inc.*, 195 F. Supp. 3d 599, 603 (S.D.N.Y. 2016)(emphasis added).

The court in *Moose Toys* found the above language to constitute a mandatory clause and further noted that this type of language has "routinely" been found to be mandatory in the Southern District of New York. *See Id.* (*citing Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383–84 (2d Cir.2007) (indicating that use of the term "exclusive" indicates mandatory language); *see also KTV Media Int'l, Inc. v. Galaxy Group, LA LLC*, 812 F.Supp.2d 377, 384-85 (S.D.N.Y.2011) (finding mandatory a forum selection clause that provides that the contract parties "consent[ ]" to the "exclusive jurisdiction" of California courts); *Cent. National-Gottesman, Inc. v. M.V. "GERTRUDE OLDENDORFF"*, 204 F.Supp.2d 675, 678 (S.D.N.Y.2002) (finding a forum selection clause providing that "[a]ny disputes" were "to be decided in London according to English law" to be mandatory).

A similar result should be reached here. Petitioner's claims should be dismissed under Fed. R. Civ. P. 12(b)(3) in view of the mandatory forum selection clause found in each of the asserted Contracts.

### **Documents Other than the Complaint may be Considered**

While a district court deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim ordinarily "must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference,"[3] "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court … may refer to evidence outside the pleadings." *See Makarova,* 201 F.3d at 113 (2d Cir. 2000). Additionally, under either standard the court may take judicial notice of documents in the public record, including state court filings. See *Blue Tree Hotels Inv. (Can.), Ltd., v. Starwood Hotels & Resorts Worldwide, Inc.,* 369 F.3d 212, 217 (2d Cir. 2004).

Here the Court can consider the additional documents that support this motion to dismiss.

## <u>CONCLUSION</u>

Petitioner's Petition should be dismissed under Fed. R. Civ. P. 12(b)(1) for failure to state

a claim and under Fed. R. Civ. P. 12(b)(3).

Dated: June 2, 2025
New York, New York

                                Respectfully submitted,
                                QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
                                /s/ Anthony C. Varbero
                                Anthony C. Varbero, Esq.
                                233 Broadway, Suite 2120
                                New York, New York 10279
                                (212) 226-4026
                                Anthony.Varbero@qpwblaw.com
                                Attorney for Respondent